UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANIT VA CHA,

                    Petitioner,

        v.

MARKWAYNE MULLIN, ET AL,

                    Respondent.

Case No. 2:26-cv-01137-TLF

ORDER TO SHOW CAUSE

On April 10, 2026, petitioner filed a motion for a temporary restraining order ("TRO") because the government intended to remove him to Laos within 72 hours. Dkt. 10, Motion for Temporary Restraining Order; Dkt. 6, Notice of Intent to Remove. The Court granted the motion (in part) "for the purpose of maintaining the status quo," to allow the Court to fully consider the TRO motion and the habeas corpus petition. Dkt. 11. The government filed a response on April 14, 2026. Dkt. 13.

On April 14, 2026, plaintiff filed a Notice of the Immigration Judge's Order Granting Stay of Removal. Dkt. 15. Immigration Judge Michelle Slayton stayed the removal pending a decision on a Motion to Reopen or Motion to Consider. Dkt. 15, Ex. A, Order of the Immigration Judge ("IJ"). On April 15, 2026, the Court ordered the government to show cause as to whether the TRO motion was moot and why the Court should not immediately release petitioner and grant habeas corpus relief. Dkt. 17.

ORDER TO SHOW CAUSE - 1

In the response to the Order to Show Cause, the federal respondents state that "Petitioner cannot demonstrate irreparable injury as required for preliminary injunctive relief due to the immigration judge's order staying his removal" and thus the Court should deny the TRO as moot. Dkt. 18 at 1. Yet the government also argues that since "there is no indication that a decision on the motion will be prolonged," the Court may infer petitioner's removal is likely to occur in the reasonably foreseeable future. *Id*. at 1, 2 ("Because ICE has a travel document and is prepared to execute Petitioner's removal order when the stay is lifted, Petitioner's detention remains lawful.").

The Court finds the TRO is not moot. As respondents have pointed out, ICE has a currently active travel document, and if the IJ lifts the stay, petitioner would potentially be sent immediately to Laos. Therefore, imminent harm and the need to maintain this Court's jurisdiction remain.

1. The provisional grant of the TRO (Dkt. 11) is not moot; the TRO will remain in effect for the purpose of maintaining the status quo until the Court orders otherwise.

2. Respondents are PROHIBITED from removing Petitioner to any country or from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, unless there is a further order from this Court, or unless necessary for medical evaluation, medical treatment, or release from detention.

3. The Parties SHALL contact the courtroom deputy, Ms. Gayle Riekena, by email, Gayle_Riekena@wawd.uscourts.gov if they wish to schedule oral argument on the motion for a TRO.

ORDER TO SHOW CAUSE - 2

4. The Court will consider the habeas petition and the motion for a temporary restraining order together.

…

Dated this 17th day of April, 2026.


Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3