UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANIT VA CHA,

                  Petitioner,

    v.

MARKWAYNE MULLIN, ET AL,

                  Respondent.

Case No. 2:26-cv-01137-TLF

ORDER

On April 7, 2026, petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner requests immediate release, arguing his detention violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. *Id*. Petitioner also alleges changed circumstances. *Id.* He asserts that "Laos that has begun to accept stateless deportees under a 'laissez-passer'" travel document and states the travel document "does not recognize citizenship or nationality and may result in deportees being held under conditions amounting to torture upon their arrival." *Id.* at 4. Petitioner asserts he is eligible "to apply for Witholding of Removal or Convention Against Torture relief with the Immigration Court." *Id*.

On April 10, 2026, petitioner filed a motion for a temporary restraining order ("TRO") because the government intended to remove him to Laos within 72 hours. Dkt. 10, Motion for Temporary Restraining Order; Dkt. 6, Notice of Intent to Remove. In support of the TRO, petitioner alleges that removal to Laos would subject him to severe,

ORDER - 1

harm, including possible "prolonged or indefinite, arbitrary confinement on a military base." Dkt. 10 at 9.

Petitioner cites various sources as support for the TRO, including statements from the Department of Homeland Security, The White House, Senate Foreign Relations Committee, presidential proclamations, and statements from the directors of nonprofits working in Laos, and argues that these statements show the severity of the harm potentially faced by petitioner. *Id*. at 6. Petitioner also cites to case law addressing removal to third countries and due process concerns. *Id*. at 12-13. (citing *U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2162 (2025); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025); *Aden v. Nielsen*, 409 F.Supp.3d 998, 1009 (W.D. Wash. 2019); *Najjar v. Lynch*, 630 Fed. App'x. 724 (9th Cir. 2016); *Sadychov v. Holder*, 565 F. App'x 648, 651 (9th Cir. 2014)).

Petitioner argues in the TRO that deportation to Laos would subject him to life-threatening conditions and asserts removal would be punitive. Dkt. 10 at 20-21. Petitioner references these conditions in the traverse/reply, but the habeas corpus petition does not include any claim relating to punitive removal. *Compare* Dkt. 1, with Dkt. 16 at 7 ("Credible country reporting suggests the possibility of prolonged, arbitrary imprisonment in a country that will deny him the rights and protections of citizenship and subject him to other forms of harm.").

Courts have held that third-country removal, paired with imprisonment, or harm, is intended to be punitive and thus violates due process. *Nguyen*, 796 F. Supp. 3d 703 at 732-34; *Abubaka v. Bondi*, No. C25-1889RSL, 2025 WL 3204369, at *15 (W.D. Wash. Nov. 17, 2025) 18; *Hambarsonpour v. Bondi,* No. C25-1802-RSM, 2025 WL

ORDER - 2

3251155, at *3 (W.D. Wash. Nov. 21, 2025); *see also Wong Wing v. United States*, 163 U.S. 228, 236–38 (1896).

Here, a punitive third-country removal claim is not clearly articulated in the habeas corpus petition. Dkt. 1. Alleged consequences of removal are identified, but there is no separate legal or factual claim about punitive removal.

If petitioner decides to add a substantive claim or subclaim, petitioner may file an amended petition on or before **May 1, 2026.** If petitioner decides not to amend, the Court will limit its review to the claims that have been specifically raised in the petition. If petitioner files an amended petition, the government will have until **May 5, 2026** to respond to any new claims.

Petitioner must file a status report with the Court on or before **April 28, 2026** if he does *not* wish to file an amended complaint and include any new claim(s). The Court's previous order provisionally granting the TRO to maintain the Court's jurisdiction remains in effect. Dkt. 10.

Dated this 27th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3