UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANIT VA CHA,

                    Petitioner,

        v.

MARKWAYNE MULLIN, ET AL,

                    Respondent.

Case No. 2:26-cv-01137-TLF

ORDER FOR SUPPLEMENTAL
BRIEFING

On April 3, 2026, petitioner, a stateless native of Laos, through counsel, filed a habeas petition. Dkt. 1. On April 28, 2026, petitioner filed an amended petition, arguing petitioner's re-detention violated the APA and the Due Process Clause of the Fifth Amendment, through a revocation of a liberty interest without a pre-detention hearing and removal to dangerous conditions/punitive third country removal. *Id*. at 13-26.

Both parties submitted briefing based on the petitioner being subject to a final order of removal under 8 U.S.C. § 1231 at the time of re-detention. *See*, e.g., Dkt. 22 at 3; Dkt. 24.

Petitioner was lawfully paroled into the United States in 1978 and granted permanent resident status. Dkt. 22 at 2. He remained a permanent resident until November 5, 2002, when he was ordered removed by the Portland Immigration Court after convictions for Assault in the Second Degree (ORS 163.175) and Unlawful Use of a Weapon (ORS 166.220(b)). *Id*. The date of the convictions was April 3, 1997, with

ORDER FOR SUPPLEMENTAL BRIEFING - 1

both arising from the same act that occurred on October 6, 1996. Dkt. 1, Ex. A at 154-55. Petitioner was charged with removability under Sections 237(a)(2)(A)(iii) and 237(a)(2)(C) of the Immigration and Nationality Act. Dkt. 22 at 2.

On May 13, 2026, petitioner filed notice with the Court with an update of his removal proceedings. Dkts. 27, 28. Petitioner's motion to reopen in the Portland Immigration Court has been granted and an order of removal to Laos is no longer in effect. *Id*. at 2. Petitioner argues "[t]his development fundamentally changes the course of the instant habeas litigation" and his detention would fall under 8 U.S.C. § 1226(c) and "he would thus be found ineligible for a release from detention by way of a bond issued by the Immigration Judge." *Id*.

Petitioner requests that the Court grant immediate release because petitioner "can now retrospectively be viewed as a[] person who was brought into custody without a final order of removal, any violations of his 21-year supervision, or the benefit of a pre-detention process to determine whether detention is justified" and his liberty interest was "exceptionally strong in mid-March of 2026." Dkt. 27 at 2.

Under Section 1226(c), the Department of Homeland Security "shall take into custody any alien who is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii) of this title." 8 U.S.C. § 1226(c). Under this provision, non-citizens may be released "only if the Attorney General decides ... that release ... is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation ... and the alien will not pose a danger to the safety of other[s] ... and is likely to appear for any scheduled proceeding." *Id*. at § 1226(c)(4). Accordingly, noncitizens detained under this category are not entitled to bond hearings.

ORDER FOR SUPPLEMENTAL BRIEFING - 2

*See Jennings v. Rodriguez*, 583 U.S. 281, 303–304 (2018) ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions.") (emphasis in original).

The Court notes that section 1226(c)'s mandatory detention requirement applies even if the government does not immediately detain a criminal non-citizen upon immediate release from a correctional facility. *See Nielsen v. Preap*, 586 U.S. 392, 396 (2019) (finding that the Ninth Circuit's interpretation—namely, that criminal aliens not arrested immediately upon release from criminal custody are exempt from § 1226(c)'s mandatory detention and thus entitled to a bond hearing—is not accurate). However, the statute does not foreclose as applied challenges. *Id*. at 420; *see also, Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *4 (N.D. Cal. June 11, 2021); *Pham v. Becerra*, No. 23-cv-01288-CRB, 2023 WL 2744397, at *5 (N.D. Cal. March 31, 2023); *Carballo v. Andrews*, No. 1:25-cv-00978-KES-EPG, 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025).

Here, petitioner appears to be presenting an as-applied procedural due process challenge to his continued detention by immigration authorities under § 1226(c). *See* Dkt. 22, at 13-26. It is unclear whether this is a new claim that was not within the scope of the amended petition (Dkt. 22), or whether this is a continuing due process argument that is now being presented on facts that have changed, but is still within the scope of the operative amended petition.

Accordingly, petitioner is ORDERED to file a supplemental brief as to why the Court should grant habeas relief under the amended petition (Dkt. 22) and how the

ORDER FOR SUPPLEMENTAL BRIEFING - 3

circumstances identified in the Notice and Traverse (Dkt. 27) are still within the scope of the operative amended petition; or petitioner may file a motion to file a second amended petition, along with a proposed second amended petition, if the new circumstances would raise issues that were not identified in the amended petition (Dkt. 22), on or before **May 22, 2026**.

The government shall have **six days** from the date of filing of petitioner's supplemental briefing to file a response; if petitioner files a motion to file a second amended petition, the government shall have six days to respond to the motion, and the Court will determine whether to grant the motion to amend.

The Clerk of Court is directed to note the supplemental brief, or motion to file a second amended petition, for May 29, 2026.

Dated this 15th day of May, 2026.


Theresa L. Fricke
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 4